## Abbott et al. v. Oldham County Board of Education.

(Decided March 18, 1938.)

J. BALLARD CLARK and ALFRED HOLMAN for appellant.

GUTHRIE F. CROWE for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Appellant prought this suit in the Oldham circuit court seeking to enjoin the board of education of Oldham county from issuing funding bonds in the sum of $20,000, the proceeds of which to be applied to funding an outstanding floating indebtedness of the county board of education evidenced by its various promissory notes to various parties for money borrowed to pay current expenses of the operation of the schools of Oldham county for the school years 1930-31 to 1937-38, both inclusive.

In the resolution of the school board authorizing the issuance of the bonds it is set out, among other things, that during the school years 1930-1931 to 1937-1938, inclusive, deficiencies in the income lawfully accruing to the board of education entailed a shortage in such income of no less than $20,000 and that it became necessary from time to time during those years to borrow money, issue warrants, and to postpone the payment of certain contractual obligations payable in the future, if and when the current revenues accruing to the board from year to year permitted; and the board finds it impossible to liquidate the said $20,000 indebtedness out of current funds without seriously jeopardizing the prescribed administration of the school system for the current year and each succeeding year; that said $20,000 indebtedness is a valid, binding, and subsisting obligation of the board and that the proportion thereof incurred in any one of the years above set out, together with other obligations incurred and discharged by it, at no time was in excess of the lawful revenues provided for and lawfully accruing to the board and budgeted to it by the fiscal court of the county as provided by law; that the notes evidencing said debt sought to be funded bear interest, some at the rate of 5½ per cent. and others at 6 per cent. per annum, and that said indebtedness may be more economically discharged by funding it by the issuance of said funding bonds at a lower rate of interest.

For his cause of action or grounds of injunction, appellant, plaintiff below, alleged that the budgetary appropriation made for the school year 1937-1938 aggregated $70,386, and no provision is made for the payment of the bonds sought to be issued; and if the bonds are issued in accordance with the resolution, they will constitute a debt of the school district in excess of the

income and revenue provided for the year in which it is sought to be contracted, and, therefore, violative of the Constitution of Kentucky.

The board of education filed its answer in which it admitted that the budgetary appropriation for the school year 1937-1938 provided for the whole of the income anticipated for that year without providing for the incurring of the $20,000 principal amount of the indebtedness contemplated by the board's resolution, but denied that the issuance of the bonds contemplated by the resolution of December 4, 1937, is or would be incurring a debt by it in excess of the revenue for the current year or any year, because that said bonds proposed to be issued represent merely another form of the debt already legally contracted from year to year because of the deficiencies in the revenues lawfully accruing to defendant.

The board further set out in its answer the assessed value of the property of Oldham county, plus the anticipated poll tax and other revenues lawfully anticipated by the board for each school year involved, and set out the deficit incurred each year by reason of its failure to collect the revenues lawfully budgeted to it in each of those years and the sums of money borrowed, each year, plus other expenditures, and alleged that at the time each item of the indebtedness sought to be funded was contracted by the board, such item or debt plus all other indebtedness and obligations incurred by the board in that year did not at the time contracted exceed the sum of money lawfully budgeted to it for that year; that the money borrowed by it evidenced by said notes was expended to pay teachers' salaries, janitor's hire, school busses, authorized by law to be expended in the operation of the school system of Oldham county.

Upon the issue thus joined proof was taken and the chancellor found and adjudged that the indebtedness sought to be funded by the issuance of said bonds was contracted during the school years mentioned for lawful purpose and that during none of such years did defendant contract to expend for the school purposes or for any purpose an amount in excess of the allowable revenue for such years or any of them. Briefly stated, the chancellor found from the facts pleaded and proven by the board of education that it was within its legal

right to issue said bonds and that it may issue such bonds bearing interest at no more than 4½ per cent. per annum and that the proceeds of the sale of same be used solely for the purpose of discharging the like amount of indebtedness shown by defendants in the amount of $20,000, and dismissed plaintiff's petition and he has appealed.

It is admitted in brief of appellant that the floating indebtedness sought to be funded is a valid indebtedness, but he insists that if the bonds are issued they will constitute a debt in excess of the income and revenue provided for the year for which and in which it is sought to be contracted; and, therefore, violative of sections 157 and 158 of the Constitution.

These two sections of the Constitution must be construed together (Knipper v. Covington, 109 Ky. 187, 58 S. W. 498, 22 Ky. Law Rep. 676) and the provisions of each made harmonious and effective. The last sentence in section 158 of the Constitution provides that

"Nothing herein shall prevent the issue of renewal bonds, or bonds to fund the floating indebtedness of any city, town, county, taxing district or other municipality."

It has been often held by this court that the issuance of bonds for the purpose of paying or funding other outstanding bonds or other valid indebtedness is not an increase of the taxing district's indebtedness in the meaning of those sections of the Constitution. See section 158 of the Constitution and cases cited in notes thereto.

It is established by both the pleadings and evidence that the outstanding floating indebtedness and each item thereof when created did not exceed the budget or anticipated revenue of the board for the year for which said indebtedness or any item thereof was created, and that the sums of money realized from the issuance of said notes or indebtedness was expended for a lawful purpose. Briefly stated, we find that the case is presented, with respect to both pleadings and proof, in strict accordance with the provisions of sections 186c-6 and 186c-7 of the Kentucky Statutes; and the bonds sought to be issued not having the effect of creating a new or additional indebtedness of the board of education but merely changing the form of an already exist-

ing valid indebtedness, it follows that the board has established its right to issue said funding bonds and to apply the proceeds of the sale thereof to the payment of said outstanding floating indebtedness.

We find, however, that the resolution of the county board of education adopted December 4, 1937, authorizing the issuance of the funding bonds, provides, among other things, that the bonds shall be in denominations of $1,000 each, numbered from 1 to 20, both inclusive, and "be dated January 15, 1938, * * * and which bonds shall mature in consecutive, serial numerical order and not otherwise, to-wit: $5,000 on January 15, in the year 1931; $5,000 on January 15, in the year 1932; $5,000 on January 15, in the year 1933; $5,000 on January 15, in the year 1934."

It is thus seen that the maturity dates of the bonds antedate the issuance of same. Perhaps the maturity dates of the bonds, as indicated in the resolution, was an oversight or typographical error, and was intended to be 1941 to 1944, inclusive. We know of no authority authorizing the issuance of such bonds, with maturity dates antedating the issuance of the bonds, thereby making them past due and payable with accumulated interest, when issued.

So far as the judgment discloses, the board is authorized to issue the bonds as provided in the resolution, with the exception that the judgment fixes the maximum rate of interest at 4½ per cent., whereas the resolution fixes it at 5 per cent.

Upon a return of the case the board of education will correct the resolution as to the maturity dates of the bonds, fixing their maturity at a time subsequent to the issuance of same, and the judgment should be corrected authorizing the issuance of the bonds in conformity to the resolution, when corrected as we have indicated.

Wherefore, the judgment is reversed with directions to enter a judgment in conformity to this opinion.

Whole court sitting.